St. Louis Southwestern Railway Company v. R. M. Everett.

Decided October 14, 1905.

**1.—Contributory Negligence—Charge.**

Where the defendant pleaded contributory negligence and the evidence raised the issue and the court had failed to define contributory negligence in the main charge, a requested charge on the subject, though not strictly correct, was sufficient to call the court's attention to the omission and require the giving of a correct charge on that issue.

**2.—Same—Driving Team Near Railroad Tracks.**

Where plaintiff, whose team was frightened by a passing car, had driven the team near the railroad tracks in order to speak to some parties, the question of his contributory negligence in so doing did not depend on whether it was necessary for him, instead of walking over to the parties, to have driven there, but the test was whether, in so doing he acted as an ordinarily prudent person.

**3.—Same—Charge.**

Where under the facts shown the jury could have inferred that both plaintiff and defendant were negligent, the court should have given a requested charge instructing that if plaintiff was guilty of contributory negligence which prox-

imately caused or contributed to bring about the injury, he could not recover, notwithstanding the defendant was also negligent.

**4.—Charge—Assuming Fact—Frightening Team.**

Where it was a controverted issue whether plaintiff's team was frightened by the approach of defendant's handcar, it was error for the charge to assume that this was the cause of the fright.

**5.—Proximate Cause—Negligence—Frightening Team.**

It being a question for the jury whether defendant's negligence in the approach and speed of its handcar was the proximate cause of plaintiff's team becoming frightened, and the court's charge having stated that the running of the car faster than seven miles an hour was negligence, with no definition of proximate cause, a requested charge properly defining proximate cause should have been given.

Appeal from the District Court of Dallas.   Tried below before Hon. Richard Morgan.

*E. B. Perkins* and *Crane & Gilbert,* for appellant.—1.   Whether an act of negligence is the proximate cause of an injury, is a question of fact for the jury, and should be submitted to them.   Jones v. George, 61 Texas, 353; Texas & P. Ry. Co. v. Reed, 88 Texas, 448.

2.   It is error for the court to assume the existence of a controverted fact.   East Texas Ins. Co. v. Brown, 82 Texas, 635; Altgelt v. Bristol, 57 Texas, 436.

3.   Where the defendant pleads contributory negligence, and sets out the facts showing of what it consisted, it was error for the court to refuse a charge defining contributory negligence, and grouping the facts of· defendant's defense thereunder, where the testimony tended to support the plea.   Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413, 67 S. W. Rep., 765; Houston & T. C. Ry. Co. v. Turner, 78 S. W. Rep., 715.

4.   Where the negligence of appellee concurred with that of appellant, to cause the injury complained of, appellee can not recover.   Gulf, C. & S. F. Ry. Co. v. Miller, 70 S. W. Rep., 26; Gulf, H. & S. A. Ry. v. Bracken, 59 Texas, 74; International & G. N. Ry. v. Neff, 87 Texas, 303.

*Cockrell & Gray,* for appellee.—There being much evidence that the team in question was frightened by the approach of the hand car and no evidence even tending to show that it was frightened by anything else, the court might justly have assumed (though it did not) that the approach of the hand car frightened the team.   A charge which clearly could not have · misled the jury or prejudiced appellant is harmless, even if technically erroneous.   Railway Co. v. Kuehn, 70 Texas, 587; Railway Co. v. Cocke, 64 Texas, 158; Railway Co. v. Ryan, 70 Texas, 58.

BOOKHOUT, Associate Justice.—This suit was brought by the appellee to recover damages for personal injuries caused by the fright and running away of his team, hitched to a buggy in which he was seated, about the 12th of June, 1903.

Appellee alleged that while he was sitting in his buggy, engaged in

the inspection and purchase of machinery near the right of way and track of defendant's line of railway in Dallas, which railway, at the point of accident, runs along a public street of said city, and while he was in the exercise of due care and caution, the handcar of defendant, in charge of its employes, approached the place where plaintiff and his team were standing, at a reckless and unlawful rate of speed, and without exercising any care or caution with reference to plaintiff and his team, and while running negligently at a rate of speed exceeding seven miles per hour, contrary to the provisions of article 423, regulating the speed of trains, etc., and prescribing that they should not be run at a greater rate than seven miles per hour, and contrary to article 279 of city ordinances prescribing the same rate of speed for other vehicles; and charges that the said handcar frightened plaintiff's team, caused it to run away, threw him from his buggy, and broke his right leg below the knee, and rendered the knee and knee joints stiff and swollen, caused him three months' loss of time and the expenditure of $50 doctor's and surgeon's charges. That the employes in charge of the handcar saw and knew that the team was becoming frightened on account of the approach of said handcar, and, nevertheless, continued to approach, and failed to check the rate of speed, or to stop the car, although by the exercise of ordinary care and caution they could have stopped said car and prevented the runaway and damage and injury to plaintiff as aforesaid. Plaintiff further avers that if it shall be found that said employes operating said car did not discover plaintiff and his peril, they could and would have discovered the same but for the negligent failure of said employes to exercise due care and proper lookout; and prayed damages for the sum of $5,000.

Defendant, after general denial, answered with a plea of contributory negligence; that plaintiff, after he and his partner had purchased two traction engines, and had them run out in front of the warehouse where they had been selected and purchased, into a place which had long since been appropriated and donated by the city of Dallas for railroad purposes, and unfit for other purposes, and which was not worked or kept up by the city of Dallas as or for a public thoroughfare, and where five or six railroad tracks were lawfully placed and being used by different roads, unnecessarily took his team from a nearby wagon yard, and negligently drove into the switch yards and among the tracks of three different railroads, where neither himself nor his team was needed, knowing that engines, cars and handcars were constantly passing, and might be expected to pass at any moment, and that his team was unused to such things, and might be expected to, and would become frightened thereat, and knowing that such was a place of danger into which to drive his team, and was using unsafe and insufficient harness and bridles worn out and unfit to hold his team and prevent its running away with him; and further plead that plaintiff aggravated his injury and prevented its healing and getting well, by walking and riding about shortly after the injury, when he should have been quiet and kept his leg in a position where it could heal and knit together, and increased his pain and the length of time in which the injury would have healed, as well as his medical bill.

The trial resulted in a verdict and judgment for plaintiff for $1,500. Defendant appealed.

Appellant's sixth assignment of error complains of the action of the court in refusing special charges Nos. 5 and 7, requested by it. Special charge No. 5 reads: "Contributory negligence is such an act or omission on the part of a plaintiff as an ordinarily prudent man would not do under similar circumstances, which, concurring with a negligent act or omission of defendant, becomes a proximate cause of an injury. Therefore, if you believe from the evidence that the plaintiff, R. M. Everett, in driving onto and among the main and side tracks of the railway companies located where the traction engines were standing, with a team such as he was driving, did what an ordinarily prudent man would not have done, or that such act was unnecessary for him to do, under the circumstances and surroundings shown by the evidence in this case, then the plaintiff was guilty of contributory negligence in bringing about the accident of which he complains, and cannot recover in this case, and you will so find."

Special charge No. 7 reads: "You are instructed that if you believe from the testimony that the defendant was guilty of negligence which caused the injury to R. M. Everett, and you also find that the said Everett was himself guilty of contributory negligence which proximately caused or contributed to bring about the accident of which he complains, it will be your duty to find for the defendant railway company, notwithstanding you may believe defendant was also negligent, and you will so find by your verdict."

The defendant plead specifically contributory negligence. The issue was raised by the evidence. The court in his main charge did not define contributory negligence. Special charge No. 5 defines contributory negligence and attempts to apply the law to the facts, and, if correct, should have been given. We are not prepared to approve the special charge in all respects, in that it authorizes the jury to find for defendant if the act of plaintiff in driving onto and among the railway tracks was unnecessary. The tracks were located in Broadway, a public street of the city of Dallas; and if plaintiff, in driving over said street, upon which there were located three railroad tracks, acted as an ordinarily prudent man would have acted under the circumstances and surroundings, he was not guilty of contributory negligence, although it may have been unnecessary in the opinion of the jury for him to have done so. The jury may have believed that plaintiff ought to have left his team and gotten out of his buggy and walked across the tracks to see the party he was looking for, instead of driving thereon. If so, his act in driving upon the street and over the railway tracks was not that of an ordinarily prudent person, and this was covered in other portions of the requested charge. Whether it was, or was not, necessary for plaintiff to drive upon the street and over the tracks, is not the test, the true test being whether in so doing plaintiff acted as an ordinarily prudent person. Again, this special charge ignores the issue of discovered peril, which was in the case. The court having failed to define contributory negligence in the main charge, we are of the opinion that this requested charge, though not strictly correct, was sufficient to call the court's attention to the

omission in the main charge and require the giving of a correct charge on this issue. The appellant having plead contributory negligence, and there being evidence tending to show contributory negligence on the part of plaintiff, it was entitled to a charge correctly defining the same and grouping the facts tending to support such defense. (Railway Co. v. Mangham, 95 Texas, 413; Railway Co. v. Turner, 78 S. W. Rep., 715.) Under the facts shown the jury could have inferred that both plaintiff and defendant were negligent, and in such case it would have been proper to give special charge No. 7, requested by the defendant.

Appellant assigns as error that portion of the main charge of the court reading: "Or if the defendant's employe in charge of said handcar discovered that plaintiff's team was being frightened by the approach of said handcar, and after such discovery, if he made such discovery, failed to exercise such care as a person of ordinary prudence would have exercised under like circumstances, to avoid injury to plaintiff, then, in either such event, defendant was guilty of negligence." This charge is complained of as erroneous in assuming that the plaintiff was injured by the negligence of defendant's employe. It is asserted that there is testimony from which the jury could have inferred that plaintiff's team was frightened by some cause other than appellant's handcar. The Buffalo-Pitts Company has its warehouse and place of business fronting on the west side of Broadway, in the city of Dallas. Plaintiff had purchased a traction engine from said company, and he and a neighbor had purchased a second traction engine. These engines were being gotten out for the purpose of being taken to the country where plaintiff lived. On Broadway Street in front of said warehouse there are located several railroad tracks, over which trains and cars are frequently run. The Buffalo-Pitts people had gotten the two traction engines out of the warehouse and crossed the track nearest the platform, the engines being headed east and about fifteen feet apart. The engine located furthest south was fired up and the other was being gotten ready to fire up. About this time the plaintiff drove across Broadway Street and said railroad tracks to give directions to Shepherd, the party who was to have charge of moving said engines, as to where supper would be prepared for the men doing the moving.

Plaintiff was driving a team which he testified was gentle, and was accompanied by one J. W. Haggard, a neighbor. He drove down Elm Street to Broadway and crossed Broadway and the railroad tracks located thereon and turned in front of the warehouse. He looked up the track and saw a train headed south which he supposed was coming towards him. To get out of the way of this train he drove back off the tracks. He again looked up the track, and discovering the train was a work train and not coming towards him, he drove back across Broadway and the railroad tracks. He told Shepherd where supper would be prepared. While talking to Shepherd plaintiff's team, which was facing south, began to raise their heads as if they were frightened and began to whirl to the left. They could not get out to the left because of the railroad tracks. The plaintiff looked down the track

south and saw a handcar approaching at a rapid rate of speed, plaintiff testifying it was running at the rate of twenty miles per hour, and was one hundred yards from him when he first saw it. Haggard got up in the buggy and hallooed to the persons in charge of the handcar. There was testimony that the handcar did not stop until it passed the team. The team kept rearing and plunging until the bits in the mouth of one of the horses broke and the team ran away south to Elm Street and then turned up Elm Street, upsetting the buggy and throwing plaintiff out and causing his injuries. When the horses gave evidence of fright they were standing just east of the most northerly traction engine.

The charge complained of assumes that plaintiff's team was frightened by the approach and speed of the handcar. This, under the evidence as we view it, was a controverted fact. The jury could have found that the fright of the team was due to some other cause. The court should have left it for the jury to determine whether plaintiff's team was frightened by the approach and speed of the handcar or some other cause.

Appellant groups its first and second assignments of error and presents thereunder the proposition that, whether an act of negligence is the proximate cause of an injury, is a question of fact for the jury, and should be submitted to them. Appellee objects to the consideration of these assignments and the proposition presented under the same, because he contends the assignments raise different propositions not germane to each other and can not be grouped. Without passing upon this objection, and in view of the fact that the case must be reversed on other grounds, we will discuss the proposition contended for. The court in the main charge in effect told the jury that if they should find the accident was caused by negligence on the part of defendant, to find for plaintiff, unless the plaintiff's negligence contributed to cause the same. He then told the jury, among other things, that "as to what is meant by negligence as used above you are instructed if the handcar was running faster than seven miles an hour that is negligence." The deduction could be drawn from this charge that if the car was running faster than seven miles an hour, this would constitute negligence, and to find for plaintiff, without determining whether the approach and speed of the handcar was the cause of plaintiff's team becoming frightened, or whether the team would have been frightened, irrespective of the approach of the handcar. The defendant was not liable unless its negligence was the proximate cause of plaintiff being injured. The court did not in the main charge define proximate cause. The special charge requested by defendant, the refusal of which is made the basis of the second assignment, properly defined proximate cause, and although not correct in all respects, was sufficient to call the court's attention to the omission in the main charge.

For the errors indicated the judgment is reversed and cause remanded.

*Reversed and remanded.*