MISSOURI, K. & T. RY. CO. OF TEXAS v. MILBURN.

(Court of Civil Appeals of Texas. Dallas. Dec. 23, 1911. Rehearing Denied Jan. 13, 1912.)

1. RAILROADS (§ 400*) — USE OF STREETS — RIGHTS OF PEDESTRIANS—ASSUMED RISK.

Where a railroad operated tracks along a city street with a space between them habitually used by pedestrians, a person injured while so using the street was not negligent, as a matter of law, because she chose to travel it instead of other available highways.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1377; Dec. Dig. § 400.*]

2. RAILROADS (§ 367*)—RIGHT OF WAY—USE —DUE CARE.

While railway companies ordinarily have the exclusive right to the use of their tracks, except at public crossings, or such private ways as they may permit, it is nevertheless their duty, not only for the safety of their passengers, but for that of any person who may be on the track, to keep a lookout.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1257; Dec. Dig. § 367.*]

3. RAILROADS (§ 400*)—OPERATION IN STREET —INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

Defendant operated the railroad tracks within a street with a space between them which was commonly used by pedestrians. Plaintiff's wife, while traveling the space between such tracks, stopped, and after looking both ways, and seeing no train, placed her foot on one rail and tied her shoe string, and when she arose, an engine attached to a caboose struck her. The engine was running at a rate of speed in violation of a city speed ordinance, without signals, and if the railroad

company's employés had kept a lookout and kept the bell ringing, the injury would probably not have occurred. *Held*, that plaintiff's wife was not negligent, as a matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1377; Dec. Dig. § 400.*]

4. RAILROADS (§ 400*)—PERSONS ON TRACK— INJURIES — DISCOVERED PERIL — QUESTIONS FOR JURY.

In an action for injuries to a pedestrian by being struck by a railroad train as she was walking along a track located in a city street, evidence *held* to require submission to the jury of the issue of discovered peril.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 400.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by W. M. Milburn against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex. S. Coke, A. H. McKnight, and Head, Smith, Hare & Head, for appellant. Wolfe, Maxey, Wood & Haven, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages on account of personal injuries sustained by his wife, as the result of being struck by an engine of appellant while she was traveling on Nelson street in the city of Denison. Defendant pleaded contributory negligence; that she did not use proper care and precaution to advise herself of the approach of the train; that she carelessly selected an unsafe and dangerous way to travel when there were safe routes she could have traveled; and that it was negligence in her stopping and placing her foot on a rail of the track to tie her shoe string, and in not keeping a proper lookout while so doing. A trial resulted in a verdict and judgment in favor of plaintiff for $1,500, and the defendant appeals.

The evidence shows that in Nelson street the appellant has two tracks running east and west over which it operates many trains daily. Between the tracks is a space of nine feet, which space is habitually and commonly used by many pedestrians. There is a wagon road in said street south of the railroad tracks, but very sandy. There are no sidewalks, that are kept in repair,, so pedestrians commonly use the space between the tracks which is better for walking. Mrs. Milburn was walking along this street in the space between the two tracks on her way home from a grocery store. While so traveling. a train came up behind her, going west on the north track. After it passed she looked up and down the track, and seeing nothing she laid her bundles down, placed one foot on a rail and tied her shoe string. When she raised up an engine attached to a caboose on the south track going east ran upon and injured her. Said engine was running at a rate of speed which exceeded the limit, and not ringing a bell, as prescribed by an

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ordinance of the city of Denison. Mrs. Milburn was in a dangerous position, and her position was seen by the operatives of the train in time to have stopped the train to prevent injuring her, but said operatives were negligent in not using the means at hand to so stop it. They were also negligent in not keeping a lookout for persons on the track as they could have seen her in time to have prevented injuring her. Under the circumstances she was not guilty of such contributory negligence as will prevent a recovery. There were two or three streets that Mrs. Milburn could have traveled in going home, which would have been safe and about as near.'

Appellant requested instructions directing a verdict for defendant on two grounds: First, insufficiency of the evidence; second, the evidence shows Mrs. Milburn was guilty of contributory negligence; third, the evidence does not raise the issue of discovered peril.

[1] The first proposition presented under these assignments is: "A pedestrian who voluntarily walks or stands upon or near a railway track when a safe way or place could, without inconvenience or trouble, have been chosen, is guilty of negligence and assumes the risk as a matter of law in choosing the dangerous way or place." While this proposition is ordinarily correct, we do not think it applicable to the facts of this case. The proof showing that Nelson street was a public highway—one which pedestrians had the right to use and did commonly and habitually use—it cannot be said as a matter of law that Mrs. Milburn was guilty of contributory negligence simply because she chose to travel that street. The railroad having its tracks along said street did not give it the right to use same to the entire exclusion of the rights of the public to make use of it. They have the right to the free use of their tracks, but there are certain duties they owe the public which they must observe.

[2] The duties thus imposed are stated by Mr. Justice Stayton, in Railway Co. v. Hewitt, 67 Tex. 479, 3 S. W. 708, 60 Am. St. Rep. 32, as follows: "Ordinary railway companies, running cars propelled by steam, have the exclusive right to the use of their tracks, except at such places as they are intersected by public crossings or such private ways as they may permit, and they may therefore expect that no one will violate this right, and may rely upon a clear track, but it is very generally held that, notwithstanding this, such is the hazardous nature of the business in which they are engaged, it is the duty of such carriers, not only for the safety of their passengers, but for the safety of any one who may be on the track, to keep a lookout."

[3] Mrs. Milburn was not a trespasser upon the tracks of the railroad. She owed, however, the duty of observing such care for her safety as was commensurate with the dangers of the situation, and the issue of her negligence was properly left to the jury for determination. Mrs. Milburn's conduct must be judged by the care she exercised while on the track. If she exercised such care as an ordinarily prudent person would have used under similar circumstances, then she should not be charged with culpable negligence. She was traveling along between the tracks where a great many others traveled daily, and where she had the legal right to travel, therefore the fact that there were other ways she could have gone was not sufficient to charge her with negligence per se. Railway Co. v. McCauley, 134 S. W. 798; Railway Co. v. Martinez, 39 Tex. Civ. App. 460, 87 S. W. 853; Railway Co. v. Driver, 137 S. W. 409; Railway Co. v. Everett, 40 Tex. Civ. App. 285, 89 S. W. 457; Railway Co. v. Hawley, 123 S. W. 726.

Had the employés of the appellant kept a lookout and kept the bell ringing, as the duty of the situation demanded, the injury could and probably would have been prevented.

The next proposition is the evidence fails to raise the issue of discovered peril.

[4] We do not concur in this contention, but think the evidence was sufficient to warrant the submission of the issue to the jury. The evidence shows that the train consisted of an engine and one caboose. The testimony of appellant's employés estimate the speed of the train at from 8 to 12 miles an hour. It was shown that when the train turned the curve Mrs. Milburn was in plain view, had a lookout been kept, and at least one of the crew, the fireman, saw her on the track 70 or 100 feet in front of the engine and realized her danger. Experts testified that under the conditions the train could have been stopped within 15 or 25 feet, and the evidence further fails to show that any effort was made to prevent the injury. Railway Co. v. Hodges, 54 Tex. Civ. App. 364, 118 S. W. 767; Railway Co. v. Bowen, 95 Tex. 364, 67 S. W. 408.

Appellant complains of the refusal of the trial court to give several special charges. The charges relate to contributory negligence and discovered peril. The court's charge substantially covered these issues as far as necessary, and no error was committed therein.

Other assignments are presented in the brief, but none in our opinion point out reversible error.

The judgment is affirmed.