MUMME v. SUTHERLAND. (No. 5905.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 7, 1917.)

1. TRIAL ☞350(7) — SPECIAL ISSUES — MATTERS TO BE SUBMITTED.

In an action for damages sustained in a collision with an automobile, where defendant pleaded and introduced evidence tending to show contributory negligence, and at the proper time called the court's attention to the omission of a special issue as to such negligence, it was error to fail to submit such issue.

2. HIGHWAYS ☞183 — COLLISIONS — LIABILITY FOR INJURIES.

There was no causal connection between the failure of an automobile driver to register his car and place a number thereon and a collision between the automobile and plaintiff's wagon, and such failure did not make him a trespasser, and hence in an action for damages an exception should have been sustained to the allegations as to such failure to register the automobile and place a number thereon, and evidence thereof should have been excluded.

3. APPEAL AND ERROR ☞1053(2) — CURE OF ERROR—WITHDRAWAL OF EVIDENCE.

In an action for damages sustained in a collision with an automobile, where evidence was admitted to show that defendant had not registered the car and placed a number thereon, the attempt after the evidence was all in to withdraw the matter from the jury could not have destroyed the prejudice likely to have been engendered by showing that defendant was a violator of the law.

4. HIGHWAYS ☞184(2) — COLLISIONS — ACTIONS FOR INJURIES—EVIDENCE.

In an action for damages sustained in a collision with an automobile, it was error to require defendant to testify that he had been sued in another instance for colliding with another vehicle.

Appeal from District Court, Atascosa County; F. G. Chambliss, Judge.

Action by J. H. Sutherland against H. T. Mumme. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Jas. A. Waltom and R. R. Smith, both of Jourdanton, for appellant. J. R. Garnand, C. G. Bass, and W. E. Jones, all of Jourdanton, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee against appellant, alleging that appellee was injured in his person and his property by appellant driving his automobile into the wagon of appellee which was being hauled by a horse and mule hitched thereto. It was alleged that appellant was operating his automobile unlawfully, in not having registered the same in Atascosa county and in failing to place a number on it; that the car was being driven at an unreasonable rate of speed; and that appellant willfully, recklessly, and negligently ran the automobile into the rear end of appellee's wagon, in which he was riding, throwing him out and injuring him, and bruising and injuring the horse and mule, and damaging them. The cause was submitted to a jury on three special issues, and upon the responses thereto a judgment was rendered in favor of appellee for $1,500.

[1] Appellant pleaded contributory negligence upon the part of appellee, and introduced evidence tending to substantiate his allegations, but the question of contributory negligence was not submitted to the jury by the court, although the issues were objected to by appellant on the ground of such omission, and an issue as to contributory negligence was duly requested by appellant. The issue as to contributory negligence was ignored by the court, and it should have been presented when the omission was called to the attention of the court at the proper time. Railway v. Washington, 94 Tex. 510, 63 S. W. 534; Railway v. Belt, 24 Tex. Civ. App. 281, 59 S. W. 607; Railway v. Everett, 40 Tex. Civ. App. 285, 89 S. W. 457.

[2, 3] The court should have sustained the special exception to the allegations as to the failure of appellant to register his automobile and place a number thereon. There was no causal connection between the failure to register and the injury, and evidence was improperly admitted on the subject. Huddy on Automobiles, c. 5, pp. 71 to 120; Hemming v. New Haven, 82 Conn. 661, 74 Atl. 892, 25 L. R. A. (N. S.) 734, 18 Ann. Cas. 240. The question is fully discussed in the case cited and the proper conclusion reached. It gives expression to the following principles, which now prevail in most, if not all the states:

"In actions * * * for injuries not intentionally inflicted, but resulting from a breach of duty which another owes to the party injured—commonly classed as actions for negligence—the fact that the plaintiff or defendant at the time of the injury was a lawbreaker may possibly be relevant as an incidental circumstance, but is otherwise immaterial unless the act of violating the law is in itself a breach of duty to the party injured in respect to the injury suffered."

In this case the failure to register had no connection whatever with the collision. The accident would have happened if appellant

had covered his car with numbers and registration had taken place in every county in Texas. The failure to register did not make a trespasser of appellant. The attempt, after the evidence was all before the jury, to withdraw the matter from the jury could not have destroyed the prejudice likely to have been engendered by evidence tending to show that appellant was a violator of the law.

[4] The court erred in compelling appellant to state that he had been sued in another instance for colliding with another vehicle. Such evidence could have had no legitimate place in the case, and must have tended to arouse prejudice in the minds of the jury. The size of the verdict, under the facts, indicates that there was such prejudice.

For the errors indicated, the judgment is reversed, and the cause remanded.