AMERICAN AUTOMOBILE INS. CO. et al.
v. STRUWE. (No. 6326.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1920. Rehearing Denied Feb. 11, 1920.)

1. APPEAL AND ERROR ☛890—ADDITION TO PLEA IN ABATEMENT MADE BY ASSIGNMENT OF ERROR CANNOT BE CONSIDERED.

A plea · in abatement, the overruling of which was assigned as error, must be considered as presented to the judge, and an addition attempted to be made in the assignment cannot be considered.

2. ACTION ☛50(3)—INJURED PARTY CAN JOIN IN ONE ACTION MOTORIST AND INSURER.

One injured in a collision with a motorcar may in the same action join the owner of the vehicle and an insurer, even though the insurer was liable only after judgment had been awarded against the owner, and the cause of action against the owner sounded in tort and that against the insurer was based on contract; the two causes of action arising out of the same transaction.

3. ACTION·☛47—JOINDER OF CAUSES ON CONTRACT AND FOR TORT PROPER WHEN BASED ON SAME TRANSACTION.

Where the two causes of action arose out of the same transaction ·they may be joined, though one was for breach of ·contract and the other for tort.

4. APPEAL AND ERROR ☛683—REFUSAL OF COURT TO SUPPRESS ANSWER IN DEPOSITION NOT CONSIDERED IN ABSENCE FROM RECORD OF TESTIMONY RELATING THERETO.

An assignment of error complaining of the refusal of the court to suppress an answer in a deposition cannot be considered, where the bill of exceptions referred to to sustain the assignment had no reference to the testimony complained of.

5. DEPOSITIONS ☛83(3)—CANNOT BE SUPPRESSED BECAUSE WITNESS MADE CONTRADICTORY STATEMENTS.

That a witness testifying by deposition made contradictory statements does not warrant the suppressing of deposition; the matter merely going to the witness' credibility.

6. APPEAL AND ERROR ☛742(1)—ASSIGNMENT OF ERROR NOT FOLLOWED BY STATEMENT WILL NOT BE CONSIDERED.

An assignment of error not followed by a statement will not be considered.

7. TRIAL ☛96—WHERE PART OF WITNESS' ANSWER WAS ADMISSIBLE DENIAL OF MOTION TO STRIKE THE WHOLE IS NOT ERROR.

Where a part of a witness' answer was clearly admissible, the denial of a motion to suppress the whole answer and to strike out the same is not error.

8. NEGLIGENCE ☛132(4)—EVIDENCE OF OTHER ACTS OF NEGLIGENCE OF PLAINTIFF INADMISSIBLE TO SHOW CONTRIBUTORY NEGLIGENCE.

Evidence of other negligent acts on the part of plaintiff, unconnected with the accident involved, is inadmissible to raise an inference that he was negligent at the time of the accident.

9. WITNESSES ☛405(2)—PLAINTIFF CANNOT BE CONTRADICTED AS TO IMMATERIAL AND COLLATERAL MATTERS.

Where plaintiff, in his action for damages for injuries sustained when defendant's motorcar collided with his motorcycle, testified on cross-examination that he had never at any other time collided with an automobile while riding his motorcycle, defendant cannot contradict plaintiff by proof of another collision, for evidence of other negligent acts would be inadmissible, and the matter was collateral.

10. TRIAL ☛41(4)—COURT HAS DISCRETION TO ALLOW WITNESS NOT UNDER RULE WHO HEARD PART OF TESTIMONY TO TESTIFY.

It is within the sound discretion of the trial court to permit a witness not under the rule, who had heard a part of the testimony, to testify.

11. APPEAL AND ERROR ☛1051(2)—ERROR CANNOT BE PREDICATED ON ADMISSION OF TESTIMONY WHICH WAS UNQUESTIONED.

Where, in action for injuries sustained when defendant's automobile collided with plaintiff's motorcycle, a witness not under the rule, who had heard part of the testimony, was allowed to testify as to the position of the vehicles after the accident, error cannot ·be predicated on the admission of such testimony, where there was no question but that the vehicles were in the position described by the witness.

12. TRIAL ☛62(1)—RIGHT OF PLAINTIFF TO TESTIFY IN REBUTTAL.

Plaintiff may testify in rebuttal of the testimony of witnesses introduced by defendant.

13. LICENSES ☛11(1)—SOLDIER IN ACTIVE SERVICE NEED NOT PROCURE LICENSE AS "CHAUFFEUR."·

An American soldier in active service, though he is required to operate a motorcycle with due care, is not a chauffeur within the state statute, and need not procure a state license as chauffeur.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Chauffeur.]

14. HIGHWAYS ☛183—PLAINTIFF'S FAILURE TO PROCURE CHAUFFEUR'S LICENSE NO EXCUSE FOR DEFENDANT'S NEGLIGENCE IN RUNNING HIM DOWN.

That plaintiff, who was operating a motorcycle, had not procured a state license as a chauffeur will not excuse negligence of defendant in running down plaintiff with motorcar.

15. APPEAL AND ERROR ☛994(2)—QUESTION OF CREDIBILITY OF WITNESSES FOR JURY AND NOT APPELLATE COURT.

In an action for injuries suffered by plaintiff, who was struck by defendant's motorcar while riding on his motorcycle, where there · was conflicting testimony as ·to whether plaintiff had a light on his motorcycle, the question of credibility of witnesses was for the jury, and their verdict will not be disturbed.

16. DAMAGES ⚖⇒132(1)—AWARD OF $4,500 IN FAVOR OF ONE WHOSE SKULL WAS FRACTURED, JAW BROKEN, AND GENERALLY BRUISED NOT EXCESSIVE.

An award of $4,500 damages in favor of plaintiff, a healthy young man who suffered injuries in a collision with defendant's motorcar, consisting of a fractured skull, concussion of the brain, broken jaw, loss of teeth, general bruising of the body, and a permanent destruction of hearing in one ear, is not excessive.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by C. L. Struwe against the American Automobile Insurance Company and A. F. Zunker. From a judgment for plaintiff, defendants appeal. Affirmed.

Wm. Aubrey and H. M. Aubrey, both of San Antonio, for appellants.

Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee against the insurance company and A. F. Zunker, in which it was alleged that appellee had been injured through the negligence of Zunker in causing a collision between an automobile operated by the latter and a motorcycle operated by appellee. The grounds of negligence were that the automobile was operated at an illegal and dangerous rate of speed, that is, in excess of 25 miles an hour; that the automobile was operated on the left side of the street, in defiance of law; and that in passing the motorcycle the automobile was moving in an opposite direction to that in which the motorcycle was moving, and went at a higher rate of speed than 15 miles an hour. The insurance company was sued as liable under a bond or policy of insurance which bound the company to pay for damages incurred by the negligence of Zunker in the sum of $5,000. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered in favor of appellee as against both of the parties defendant, here as appellants, in the sum of $4,500.

There was evidence to sustain the findings of the jury to the effect that a collision occurred between an automobile operated by a driver for Zunker, the same being a service car, and a motorcycle operated by appellee, and that appellee was damaged in the sum found by the jury.

[1-3] Appellants filed a plea in abatement on the grounds that the suit had been prematurely brought against the insurance company, and that it had been improperly joined with Zunker, as said insurance company, under the terms of the policy, was only liable after judgment had been awarded against Zunker. On the overruling of that plea is based the first assignment of error, which, however, seeks to add to the plea in abatement the further ground that—

"The suit is an improper joinder of a suit for damages arising from a tort against said A. F. Zunker with a suit upon a written contract, to wit, said contract, policy, or bond of insurance executed by said insurance company alone."

Of course, the addition to the plea cannot be considered, even if it were meritorious, but the plea must be considered that was presented to the trial judge. That plea was properly overruled, because under the laws of Texas a dual suit will always be avoided whenever all parties can have a fair trial when joined in one suit. Appellee, had he so desired, could have prosecuted his claim to judgment as against Zunker and then have sued on that judgment against the insurance company, but the law does not make it imperative that he should do so, but would permit him to dispose of the whole matter in one suit.

The rule has often been announced in Texas that when two causes of action are connected with each other, or grow out of the same transaction, they may be properly joined, and in such suit all parties against whom the plaintiff asserts a common or an alternative liability may be joined as defendants. Clegg v. Varnell, 18 Tex. 294; Love v. Keowne, 58 Tex. 191; Jones v. Ford, 60 Tex. 127; National Bank v. Texas Investment Co., 74 Tex. 421, 12 S. W. 101; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063. Even if appellants had presented any plea in abatement as to joinder of damages arising from a tort with those arising from a contract, it could not, under the facts of this case, be sustained, for the rule is that a suit may include an action for breach of contract and one for tort, provided they are connected with each other or grew out of the same transaction. Peoples v. Brockman, 153 S. W. 907. To the same effect is Insurance Co. v. Beneke, 53 S. W. 100, and various other authorities cited in the Peoples-Brockman Case.

Cases cited in which reference to insurance on the part of the defendant is condemned during a trial have no applicability to a case in which misjoinder is being urged. Those cases condemn any reference to an insurance company where it is not joined in the suit, on the ground that it might increase the damages against the defendant as to whom an action is being prosecuted. Under the clear provisions of the policy in this case it operated for the benefit of any injured person, and appellee was authorized to sue the insurance company, and the proposition that such suit could only be maintained by a suit separate from the party who was insured and who inflicted the injuries cannot be enter-

---

tained under our system of judicial procedure.

[4] The third assignment of error complains of the action of the court in refusing to suppress the answer of W. H. Henry to direct interrogatory No. 7, in his deposition taken in February, 1919, which was in regard to the rate of speed at which the automobile was moving when it collided with the motorcycle. The only statement under the assignment is as to an answer to a cross-interrogatory propounded to the witness, and is not in regard to the speed of the automobile, but as to whether Zunker turned to the right or left about the time of the collision, and the record shows that even the answer set out in the brief is not the one approved in bill of exceptions. Bill of exceptions No. 7, referred to by appellants to sustain the assignment, has no reference to the testimony complained of in the assignment. The assignment cannot be considered.

[5] In assignments of error Nos. 4 and 5 complaint is made of the testimony of the witness Henry as to the location of appellee when struck, because the witness in former answers had testified that his view of appellee was obstructed when the collision took place. There was no error in the action of the court. No tenable ground of objection to the evidence was made. A deposition cannot be suppressed merely because a witness has contradicted other statements made by him. That was a matter that went to his credibility, and not to the competency of the evidence.

[6] The sixth assignment of error is not followed by a statement and will not be considered.

[7] The eleventh assignment of error is overruled. At least a portion, if not all, of the answer of the physician of which complaint was made was clearly admissible, and as the motion was to suppress the whole of the answer it was not error to refuse to strike out all of the answer. The question asked was: "Please state whether or not, in your opinion, the injuries you have described are serious and permanent." The answer was: "The injuries that have been described are capable of being permanent and were quite serious." The bill of exceptions shows that the only objections urged to the answer were that the "part of said answer which states that said injuries were capable of being permanent was irrelevant, immaterial, and incompetent and not sued for in this case." However, other objections are placed in the assignment which, of course, cannot be considered. The objections made are not tenable. The answer was not open to objections made to it. It was material and relevant and supported by the allegations.

[8, 9] Upon the cross-examination of appellee by appellants he testified that he had never collided at any time with an automobile while riding a motorcycle, and appellants sought to prove by one Victoria Clark that she had, while riding in an automobile in December, 1918, collided with appellee while he was on a motorcycle. The evidence was rejected by the court. The bill of exceptions discloses that the trial judge asked counsel for appellants on what ground he thought the evidence admissible, and he replied "Nothing, except plaintiff testified he had never had any other accident with his motorcycle. I don't know whether it is worth anything or not." The collision about which evidence was sought occurred, it seems, after that one on which this action is based, and it is stated in the brief that "The evidence sought to be elicited attacked the memory and credibility of plaintiff." The evidence of Victoria Clark was objected to by appellee because it had no connection with the accident and was as to a collateral matter brought out on the cross-examination. Clearly the only object in the testimony sought to be introduced was to impeach the witness on an immaterial and collateral matter; immaterial because it is the rule that other acts of negligence separate and distinct from the one connected with the action cannot be proved, and merely collateral because it was in no way connected with the points at issue. It is said by the Supreme Court in Railway v. Johnson, 92 Tex. 380, 48 S. W. 568:

"We think the rule is well settled that, when the question is whether or not a person has been negligent in doing or in failure to do a particular act, evidence is not admissible to show that he has been guilty of a similar act of negligence, or even habitually negligent upon a similar occasion."

The evidence as to a subsequent act of negligence was consequently on an immaterial collateral matter, about which appellee could not be contradicted. As said by the Court of Civil Appeals of the Fifth District in Railway v. Matthews, 89 S. W. 983:

"It is a well-established rule of practice that a witness cannot be contradicted upon an immaterial matter. This is true whether the matter upon which the contradiction is sought was elicited upon the examination in chief, without objection, or upon cross-examination of the witness."

A case might become interminable if every immaterial collateral matter could be followed up into its possible numerous ramifications.

[10, 11] It is a matter of the exercise of sound and reasonable discretion on the part of a court to permit a witness not under the rule who has heard a portion of the testimony to testify. In this case C. R. Santee, a witness for appellee, came into the courtroom while the case was being tried and heard appellee testify. He then stated that he had visited the scene of the collision shortly after it occurred and viewed the wreck and he gave

the position of the automobile and motorcycle, that the former was partially on top of the latter and both were on the right-hand side of the road going south from San Antonio. There was no question but that the car and motorcycle were where they were placed by the witness. The driver of the automobile admitted that he was in the middle of the road coming toward the city and that the collision carried his automobile over to the left, which was to the right of any one going from the city of San Antonio, and that the motorcycle was under his front wheel. The evidence of Santee could not have injured appellants, had it been inadmissible. The court did not err in admitting the testimony.

[12] The fourteenth assignment of error is overruled. Appellee had the legal right to testify in rebuttal of the testimony of witnesses introduced by appellants.

[13, 14] The fifteenth assignment of error is without merit. The evidence disclosed that appellee was an American soldier in the active service of the army, and of course it was not necessary for him to take out a state license as a chauffeur. He was not a chauffeur as defined by statute. Matthews v. State (Cr. App.) 214 S. W. 339. If he had not been a soldier and was running a motorcycle without a license, that would not justify the automobile driver to negligently collide with his motorcycle and injure him. The failure to get a license had no connection with the collision and did not excuse the negligence of appellants or mitigate their offense. Mumme v. Sutherland, 198 S. W. 395; Railway v. Vaughan's Administrator, 118 Va. 692, 88 S. E. 308, L. R. A. 1916E, 1222, Ann. Cas. 1918D, 842; Stovall v. Land Co., 189 Ala. 576, 66 South. 577; Lindsay v. Cecchi, 3 Boyce (Del.) 133, 80 Atl. 523, 35 L. R. A. (N. S.) 699; Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628.

[15] The seventeenth, twenty-first, twenty-sixth, twenty-seventh, and twenty-ninth, assignments of error assail the verdict on the ground that the preponderance of the evidence showed that the collision occurred through a failure of appellee to have a light on his motorcycle. He testified that he carried a light on his motorcycle, and he was corroborated by circumstances detailed by Santee and Robinson. The jury gave credit to that testimony, and this court has no authority to disturb their verdict based thereon. No objection was interposed to the submission of the cause to the jury, nor was a peremptory instruction for appellants requested. Upon what theory appellants base an argument that the man driving Zunker's car and his chauffeur friend were disinterested witnesses is not apparent. The fact remains, however, that the jury did not credit their testimony, and this court has no authority to pass on the credibility of the witnesses under the circumstances of this case.

[16] The evidence showed that appellee was a healthy young man, physically strong and vigorous, and that the collision caused serious concussion of the brain, fractured skull, a broken jaw, loss of several teeth, general bruising of the body, badly injured knees, and that the hearing in one ear was completely and permanently destroyed. A verdict for $4,500 cannot be deemed excessive as claimed by appellants. The thirty-first and thirty-second assignments of error are overruled.

The thirty-third assignment of error is based on the proposition of a misjoinder of causes and parties and has been disposed of adversely to appellants in the discussion of other assignments. The contention that the joinder of the parties caused the jury to believe that Zunker was merely a nominal party is not borne out by the record. There is no evidence of any passion or prejudice.

There was no question raised in the trial court as to the validity of the bond given by the insurance company, and there is no merit in the contention made through the thirty-fifth assignment of error that the bond was not valid because the evidence did not show that it was accepted or approved by the city of San Antonio. The bond was binding and valid and formed sufficient basis, with the other testimony, for the verdict and judgment.

The judgment is affirmed.