PYEATT v. ANDERSON. (No. 8540.) *

(Court of Civil Appeals of Texas. Galveston. May 22, 1924. Rehearing Denied June 12, 1924.)

1. **Negligence** ⬅➡76—**Injury by illegal transaction of person injured not actionable.**

No action will lie to recover damages from negligence, if to establish cause of action plaintiff requires aid from an unlawful transaction, except where act of party causing injury was willful or wanton.

2. **Negligence** ⬅➡76—**Unlawful act of injured party must have contributed to injury to be defense.**

That plaintiff, in order to make out cause of action, is under necessity of showing some unlawful act on his part, is no defense, unless it appears that such unlawful act contributed to injury and was inseparably connected therewith.

3. **Appeal and error** ⬅➡930(3)—**Issues, not submitted to jury, presumed found in appellee's favor.**

Where issues essential to plaintiff's recovery are not submitted to jury and plaintiff recovers, it will be presumed that court resolved them in his favor.

4. **Municipal corporations** ⬅➡706(7)—**Whether motorcycle rider, injured in collision, violated statute in using machine without owner's consent, held for jury.**

In action for injuries sustained by motorcycle driver when struck by an automobile, in which defense was set up that plaintiff took motorcycle without owner's consent in violation of statute, *held*, under evidence, whether relations existing between plaintiff and owner justified plaintiff in believing that he had owner's implied consent to use machine at time in question was for jury.

**5. Municipal corporations ⚷➔705(10)—Unlawful taking of motorcycle by injured rider held not proximate cause of collision with automobile.**

If plaintiff's taking and use of motorcycle was in violation of Vernon's Ann. Pen. Code 1916, art. 1259a, and Vernon's Ann. Pen. Code Supp. 1918, arts. 1259aa and 1259cc, prohibiting any one from purposely operating any motor vehicle without owner's consent, held that such unlawful act did not contribute to ensuing collision with defendant's automobile so as to preclude recovery for injuries from collision.

**6. Appeal and error ⚷➔1058(3)—Exclusion of expert testimony as to result of tests held harmless in view of other evidence to same effect.**

In action for damages sustained by motorcycle driver when struck by defendant's automobile, exclusion of expert testimony that in test of machine similar to one in collision it had tendency to turn to right side was not erroneous, where number of witnesses had testified to same effect without dispute.

**7. Appeal and error ⚷➔1050(1)—In motor vehicle accident case admission of testimony that defendant's chauffeur did not have license held, if error, harmless.**

In an action for damages sustained by a motorcycle driver when struck by defendant's automobile, admission of testimony that defendant's chauffeur did not have a license, after it had been shown that he was employed as a general handyman, held, if error, harmless as not calculated to influence jury on any issue submitted.

Appeal from District Court, Harris County; W. E. Montieth, Judge.

Action by Edgar Anderson against J. S. Pyeatt. Judgment for plaintiff, and defendant appeals. Affirmed.

Fouts & Patterson and Andrews, Streetman, Logue & Mobley, all of Houston, for appellant.

Gill, Jones, Tyler & Potter, of Houston, for appellee.

LANE, J. This suit was brought by appellee, Edgar Anderson, against appellant, J. S. Pyeatt, to recover for personal injuries suffered by him in a collision between the automobile of appellant and a motorcycle on which appellee was riding.

Appellee, as plaintiff, alleged that at the time of the collision he was traveling south on the right-hand side of Louisiana street, in Houston, at a moderate rate of speed, between 10 and 15 miles an hour, and that the automobile of appellant, defendant below, being driven by a negro chauffeur, agent and employee of defendant, and who was at the time accompanied by the defendant, and which said automobile was being driven north on said Louisiana street, was driven against and into the motorcycle on which appellee was riding, and that by reason thereof he suffered the injuries complained of. The acts of negligence alleged against defendant are:

"(1) Said automobile was being operated by said negro chauffeur at the time and place in question at a speed in excess of 25 miles per hour, in fact, between 30 and 40 miles per hour.

"(2) Said automobile was being operated and driven by said negro chauffeur at the time and place in question upon the left-hand side of Louisiana street; that is, a part of said automobile was driven past the center of Louisiana street onto the side west of the middle of said street.

"(3) Said negro chauffeur at the time and place in question was attempting to pass another automobile going in the same direction without sounding a horn or other warning.

"(4) Said negro chauffeur was operating said automobile at the time and place in question at a speed in excess of that at which a person of ordinary prudence would have operated it under the same or similar circumstances.

"(5) Said negro chauffeur, operating said automobile at the time and place in question in or near the middle of Louisiana street as the result of having passed another automobile going in the same direction, failed, because of the slippery condition of the street and the speed at which he was going, to turn back quickly onto the right-hand side of Louisiana street.

"(6) Said negro chauffeur was operating said car at the time and place in question without being familiar with the rules of the road.

"(7) Said negro chauffeur was operating said car at the time and place in question without having sufficient skill to comply with the provisions of the law and rules of the road, had he been familiar with them.

"(8) Said negro chauffeur was operating said car at the time and place in question without having a chauffeur's license.

"(9) The defendant employed and permitted said negro chauffeur to operate said car at the time and place in question without his having a chauffeur's license."

Plaintiff also alleged that he was by said collision severely and permanently injured, and asked for damages in the sum of $25,000.

The defendant answered by general demurrer and general denial, and specially pleaded that the motorcycle being operated by the plaintiff was not owned by him or his companion, one Stroud, who was riding with him in a side car attached to said motorcycle, but that the same was the property of one J. H. Burke; that said motorcycle was being used and operated by plaintiff without procuring the consent of its owner, or in any manner being authorized to take it or interfere with it in any manner; that at the time it was taken by plaintiff it was standing on a street in the city of Houston in front of a garage; that in so taking and using said motorcycle for the purpose of operating and driving it in the city of Houston plaintiff violated articles 1259a, 1259aa, and 1259cc of the Penal Code of the state of Texas, in that he did, without the consent

of J. H. Burke, the owner, climb upon and into said motorcycle, manipulate the levers thereof, and set the motorcycle in motion, and did operate the same upon the streets of the city of Houston and the public highways of the state of Texas, particularly the street and highway known as Louisiana street in said city, in violation of the penal code above referred to, and consequently plaintiff was a trespasser upon said street and highway, and the defendant owed him no duty other than to refrain from wantonly and intentionally injuring him.

Defendant further pleaded that not only was the plaintiff a trespasser in thus taking and operating the machine in question belonging to another, without such other person's consent, but that he was guilty of negligence in so doing, which was the proximate cause of the injuries which he may have sustained; that neither the plaintiff nor his companion were familiar wtih the use and operation of the motorcycle with side car attached; and that plaintiff was guilty of negligence in undertaking to operate the machine, inexperienced as he was, and that such negligence was the proximate cause of his injuries; that the negligent operation of the motorcycle by plaintiff was the proximate cause of the injuries sustained.

The case was tried before a jury, who, in answer to special issues submitted, found as follows:

First. That defendant's automobile was, at the time of the collision, partly on the left-hand side of the center of Louisiana street while going north; that said act in operating the same on said left-hand side of said street was negligence on the part of the driver thereof, and that such negligence was a proximate cause of plaintiff's injuries.

Second. That the driver of said automobile, at the time of the collision, was attempting to .pass another automobile, going in the same direction, without sounding a horn or other warning; that such attempt without sounding a horn or giving some other warning was negligence on the part of the driver and that such negligence was a proximate cause of plaintiff's injuries.

Third. That at the time of the collision the automobile of the defendant was· being operated at a speed exceeding the speed at which a person of ordinary prudence would have operated it under the same or similar circumstances, and that such excessive speed caused or contributed to the injuries of the plaintiff.

Fourth. That defendant's automobile, at the time and place of the collision, was being operated at a greater rate of speed than 25 miles per hour, and that such speed was a proximate cause of the injuries of the plaintiff.

Fifth. That a fair and reasonable compensation for the injuries suffered by plaintiff by reason of said collision is $11,500.

In answering questions propounded relative to the defenses pleaded by the defendant, the jury found:

(1) That the plaintiff, Anderson, was not guilty of negligence in undertaking to operate the motorcycle on the streets of Houston on the occasion in question.

(2) That the plaintiff on the occasion in question did not fail to keep such a lookout for oncoming vehicles as a reasonably prudent person would have done under the same or similar circumstances.

(3) That at the time of the collision the operator of the motorcycle was not propelling it diagonally across the street intersection from west to east.

Upon the answers of the jury to the questions propounded and the evidence, the court rendered judgment for the plaintiff for the sum of $11,500 and from such judgment the defendant, J. S. Pyeatt, has appealed.

It was agreed between the parties that the motorcycle upon which the plaintiff, Anderson, and his companion were riding at the time of the collision belonged to one J. H. Burke, and that it had been taken by Anderson and his companion without the express consent of Burke.

Based upon the agreement above stated, appellant contends that appellee was at the time of the collision violating articles 1259a, 1259aa, and 1259cc of the Penal Code of Texas, and that by his illegal act he placed himself in a position of danger, and that, as plaintiff's illegal act placed him in such danger, he cannot recover for his injuries.

Appellee contends that he and his companion had the implied consent of Burke to use his motorcycle and that they did not therefore commit any unlawful act in taking and using the same; but if it be conceded that such taking and use was unlawful, as contended by appellant, still his right to recover would not thereby be defeated, since there was no causal connection between said act and the collision.

There was no finding by the jury that the act of appellee in taking and using Burke's motorcycle,· under the facts and circumstances shown, was or was not a violation of the provisions of the Penal Code of this state, nor a finding as to whether said act was a proximate cause, or a proximate contributing cause of the collision. Neither of such questions was submitted to the jury. It is true that appellant requested the submission of the question last mentioned and that such request was refused, and it is not urged in appellant's brief as cause for reversal of the judgment.

The matters presented for our decision by the brief of appellant are: First. Did appellee and his companion, Stroud, purposely, as that word is used in articles 1259a, 1259aa, and 1259cc, of the Penal Code of Texas, take and drive or operate the motorcycle of J. H.

Burke, without his consent, in and upon Louisiana street in the city of Houston at the time of the collision in violation of said articles? In other words, were the taking and driving of Burke's motorcycle by appellee and Stroud at the time mentioned acts violative of said Penal Code, and, if so, was such illegal taking and use a proximate cause of the collision, or did it contribute to said collision, or was it inseparably connected therewith? Second. Were the findings of the jury of which appellant complains so against the weight and preponderance of the evidence as to be clearly wrong? Third. Did the court commit reversible error in refusing to permit an expert witness to testify that the motorcycle in question had a tendency to turn to the right when being operated? And fourth. Did the court err in permitting plaintiff's counsel to ask defendant's chauffeur if he had a chauffeur's license, and in requiring said chauffeur to answer?

[1, 2] It is made unlawful, by the articles of the Penal Code above mentioned, for any person to purposely take, drive, or operate upon a public road, highway, or other public place, any motor vehicle without the consent of the owner thereof. It is well settled, we think, that no action will lie to recover a claim for damages if to establish it the plaintiff requires aid from an unlawful transaction, or is under the necessity of showing or in any manner depending upon an unlawful act to which he is a party, except in cases where it is shown that the injury was caused by the willful or wanton act of the party causing such injury. But to constitute such unlawful act a defense in behalf of the party causing the injury it must be made to appear by the evidence that the unlawful act of the injured party did in some manner contribute to the injury and was inseparably connected therewith. G., C. & S. F. Ry. Co. v. Johnson, 71 Tex. 619, 9 S. W. 602, 1 L. R. A. 730; St. L., B. & M. Ry. Co. v. Price (Tex. Civ. App.) 244 S. W. at page 644; Hines v. Foreman (Tex. Sup.) 243 S. W. 479; Mumme v. Sutherland (Tex. Civ. App.) 198 S. W. 395; Am. Auto. Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Robt. Hughes v. Steel Co., 136 Ga. 511, 71 S. E. 728, 36 L. R. A. (N. S.) 547, Ann. Cas. 1912C, 394; Phila., W. & B. Ry. Co. v. Towboat Co., 23 How. 209, 16 L. Ed. 433.

We pretermit a discussion as to whether the articles of the Penal Code mentioned were enacted solely for the protection of the owners of vehicles or, as well, for the protection of those who use the public highways, and will confine our discussion to the questions, first, as to whether an unlawful taking and use were shown as a matter of law; and, second, if so shown, was it shown as a matter of law that such unlawful act was a proximate cause or proximate contributing cause of the collision?

Accepting the law stated by us as the law

264 S.W.—20

governing the matters referred to, we are brought to the further inquiry: Were the facts and circumstances shown, relative to the taking and use of the motorcycle by appellee and Stroud, such as would require a finding by the trial court as a matter of law that the motorcycle was "purposely" taken without the consent of its owner, as that term is used in the Penal Code hereinbefore referred to, and, if so, was such unlawful taking and the use made thereof a proximate cause or a proximate contributing cause of the collision which resulted in injury to appellee?

[3, 4] Since neither of these questions was submitted to the jury, it must, we think, in view of the judgment rendered, be presumed that the court resolved them in favor of appellee.

That appellee and his companion took the motorcycle of Burke and drove it upon the public highway of the city of Houston is undisputed. The material inquiry is, however: did they purposely take it without the owner's consent, that is, without a reasonable belief that they had the implied consent of said owner? It was shown that appellee's companion, Stroud, was an intimate acquaintance and friend of Burke; that they, in his words, loafed around the garage together, and that Stroud requested appellee to take him home in Burke's motorcycle, telling him that he would make it all right with "Jimmie," meaning Burke, whom he knew by that name. We do not think under these circumstances it can be said, as a matter of law, that either appellee or his companion purposely took Burke's motorcycle without his consent, within the meaning of the article of the Penal Code hereinbefore referred to. It seems to us that whether the relations existing between Burke and Stroud were such as would justify the latter in believing that he had the implied consent of the former to use his machine for the purpose for which it was used was a question to be decided by the court or jury trying the case.

[5] We are of opinion that, if it were conceded that the taking and use of the motorcycle was unlawful, still it is apparent from the evidence that such unlawful acts did not in any manner contribute to the collision, unless, as said in the case of Railway v. Price, supra, "we apply the far-fetched rule that, if he [appellee] had not violated the law he would not have been on the automobile [motorcycle] and consequently would not have been struck." It is apparent, we think, that the collision would have occurred whether the motorcycle was lawfully or unlawfully taken.

In the case of Hines v. Foreman, supra, Judge McClendon, of the Commission of Appeals, said:

"It is now well settled that, although the violation of a statute is negligence per se, in order to be actionably so, such negligence must be

the proximate cause of the injury complained of, and that the rules governing proximate cause apply alike to the violation of a statute and to common-law negligence or the failure to use ordinary care. Waterman Lumber Co. v. Beatty, 110 Tex. 227, 218 S. W. 363; Railway v. Behne (Tex. Com. App.) 231 S. W. 354; Railway v. Harrington (Tex. Com. App.) 235 S. W. 188."

This opinion was approved by the Supreme Court.

In St. Louis, B. & M. Ry. Co. v. Price, supra, Judge Fly, speaking for the San Antonio Court of Civil Appeals, said:

"The evidence showed that appellee had no license from the state to operate an automobile, and it is the contention of appellant that it could not be held liable for destroying his property and injuring his person, unless, as in the case of any trespasser, it discovered his peril in time, to have prevented the collision. We cannot sustain such a theory. The failure to have the license did not in any manner contribute to the collision, unless we apply the far-fetched rule that, if he had not violated the law, he would not have been in the automobile, and consequently could not have driven on the crossing, and consequently would not have been struck. The act of appellee in failing to get a license did not in any manner contribute to the collision."

A writ of error has been granted in this case by the Supreme Court, but we are not informed upon what point such writ was granted, and, in the absence of any decision by the Supreme Court holding to a contrary rule from that announced in said opinion, we are inclined to follow the same, notwithstanding it is apparently in conflict with the opinions of the Massachusetts courts cited by appellant.

We overrule appellant's contention that the answers of the jury to the special issues submitted are so against the weight and preponderance of the evidence as to be clearly wrong. We think there was ample evidence to sustain each and all of such findings.

[6] We also overrule appellant's contention that the trial court committed error in admitting the proffered testimony of the expert witness to the effect that he had made a test with the same type and kind of motorcycle and sidecar as the one involved in the collision in question and under the same or similar conditions as those existing at the time of the collision, and that in such test the machine had turned to the right side. Appellee, Anderson, who had preceded the proffered witness, had testified that the machine had a tendency to veer to the right, and a number of other witnesses testified to the same effect, and no one had disputed such testimony. It was therefore no error to reject further testimony on this point.

[7] By appellant's tenth assignment he insists that the court erred in permitting counsel for appellee to ask the negro, who was driving appellant's automobile at the time of the collision, if he had a chauffeur's license, and in requiring said negro to answer said question; the answer made being, "No, sir;" in that it had been shown that said negro was employed as a general handyman and that he drove the automobile about 15 per cent. of the time he was employed and did not have a chauffeur's license.

We overrule the contention. If it should be conceded that the question and answer thereto were erroneously permitted, still we cannot conceive how such question and answer could have remotely influenced the jury in making their answers to any of the issues submitted.

For the reasons above expressed the judgment is affirmed.

Affirmed.

## On Motion for Rehearing.

Appellant requested the trial court to submit to the jury the question as to whether the taking and use of the motorcycle by appellee and his companion was a proximate cause of the collision which resulted in the injury complained of. The court refused to submit such question, and appellant assigned such refusal as reversible error.

In preparing our original opinion we inadvertently overlooked the fact that appellant had urged such refusal as cause for reversal in his brief and stated that he had not so urged the same. In his motion for rehearing appellant has called our attention to our error and again insists that the trial court erred in not submitting said question to the jury, and that we should so hold.

We do not think the court erred in not submitting the question. We are of opinion that there was no evidence tending to show that the taking and use of the vehicle by appellee and his companion was a proximate cause, or a proximate contributing cause, of the collision.

Having corrected the error pointed out by the motion, and seeing no reason for setting aside our former conclusions for any other reasons, the motion for rehearing is overruled.