HOUSTON ELECTRIC CO. v. SCHMIDT.
(No. 7580.).

(Court of Civil Appeals of Texas. Galveston. April 24, 1918. Rehearing Denied May 16, 1918.)

1. APPEAL AND ERROR ☞1002 — REVIEW— VERDICT—SUFFICIENCY OF EVIDENCE.

In considering the sufficiency of evidence, the appellate court is limited to a determination of the legal sufficiency of the evidence to support the verdict and findings, and has no concern with contrary evidence rejected by the jury.

2. STREET RAILROADS ☞117(35)—COLLISION WITH AUTOMOBILE—DISCOVERED PERIL — QUESTION FOR JURY.

Evidence that plaintiff, injured by the collision of his automobile and defendant's street car, met the car where the track was 2 feet from the ditch at plaintiff's right; that plaintiff was blocked from turning to the left by two automobiles coming with and abreast the street car, which was stopped 10 feet past the place of collision; that the motorman and the conductor saw plaintiff coming a block away—requires submission to the jury of the question of the motorman's negligence after discovery of plaintiff's peril.

3. STREET RAILROADS ☞114(19)—COLLISION WITH AUTOMOBILE — DISCOVERED PERIL — NEGLIGENCE—WEIGHT AND SUFFICIENCY OF EVIDENCE.

Evidence that the motorman of defendant's street car saw plaintiff's automobile a block away and stopped 10 feet after colliding with it 2 feet from the ditch at plaintiff's right, when plaintiff's way to left was blocked by other cars, held sufficient to sustain a verdict that the motorman was negligent after discovering plaintiff's peril.

4. STREET RAILROADS ☞103(3)—COLLISION WITH AUTOMOBILE—DUTY OF MOTORMAN— DISCOVERED PERIL.

A street car company does not have the exclusive right to the use of the street, and its operatives are bound to prevent a collision with automobiles, if possible, after discovering peril.

5. DAMAGES ☞132(1)—EXCESSIVE DAMAGES —PERMANENT INJURIES — INABILITY TO WORK.

Where plaintiff was 33 years old and earning about $90 per month at the time of injury, after which he was helpless and unable to work at all, an award of $3,000 will not be set aside as excessive.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by John Schmidt against the Houston Electric Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. R. Wharton and R. C. Patterson, both of Houston, for appellant. Ward & Ward, of Houston, for appellee.

GRAVES, J. This appeal is from a $3,000 judgment awarded John Schmidt on a jury's verdict for personal injuries received in a collision between the automobile he was driving and one of appellant's street cars. The accident happened at night on the Harrisburg road within the city limits of Houston, the automobile being out-bound toward Harrisburg, the street car in-bound toward Houston. The car track was laid in that portion of the street customarily used by

---

vehicles and the public generally, the outside rail being within about 2 feet of the ditch bordering the street on its south side. This placed the street car moving toward Houston on the left side of the center of the driveway, and the automobile going toward Harrisburg on the right side. In response to special issues submitted to them, the jury found the collision was caused by the motorman's failure to use due care after discovering the appellee's perilous position upon the track in front of the moving car. Upon other issues involving alleged negligence in the speed of the street car and in having an insufficient or defective headlight thereon, the findings were in appellant's favor.

[1-4] The judgment is first assailed upon the contention that there was no evidence justifying the submission of the case to the jury, and consequently appellant's request for a peremptory instruction in its favor should have been granted. After examining the statement of facts, we are unable to agree with this position, but think that, not only was the evidence sufficient to take the question of whether the motorman was negligent after discovering appellee's position upon the track to the jury, but amply supported their finding that he was.

It is next insisted the judgment has no support, in that there is no evidence that the motorman saw the automobile on the track in front of his car and realized a collision would occur unless the car was stopped, because, it is said, the uncontroverted proof shows the motorman either fully stopped, or so materially slackened the speed of the car, that it was almost at a stop when Schmidt's automobile ran into it. The argument is the motorman had a right to assume that Schmidt would leave the track in time to avoid a collision, and there is no evidence that he realized Schmidt would not do so at any time before it actually occurred. These assignments assume facts not found by the jury. The theory of appellant upon the trial there evidently was that the street car was standing still, and Schmidt, while under the influence of liquor, ran his automobile headlong into it. It offered much evidence tending to support this theory, including the direct testimony of both the motorman and conductor of the car, and was given full benefit of it in the issues submitted, but the jury saw fit to reject it, and consequently this court has no proper concern with it; our province being limited to a determination of the legal sufficiency of the evidence to support the contrary findings the jury did make. In answer to questions properly embodying them, these were that the car was in motion at the time of and for a distance of 10 feet after the collision, and that the motorman, not only saw the automobile on the track in front of his car, but realized, within a sufficient time to have stopped or slacken-

ed the speed of the car and have thereby prevented it, that a collision would occur unless one or the other were done. Appellant insists that there was no evidence to authorize the submission of this issue of discovered peril to the jury, or to justify the entry of judgment upon this finding thereon. The question, therefore, practically resolves itself back into the same as first referred to, the sufficiency of the evidence to raise the issue and support the finding as to the motorman's negligence after discovering Schmidt's position upon the track. While our finding upon the question has already been stated, it may not be amiss to here briefly summarize some more of the material facts upon which it is based.

Schmidt was driving his automobile slowly along the street car track, going less than 18 miles per hour, having just met a number of other automobiles on the street, when the street car approached from the same direction he was going. The car track was too close to the ditch on that side to permit him to turn to the right of the car, and when he got to where he must turn to the left to avoid it, and was about to do so, he was blocked by another automobile. Two automobiles were likewise coming from the same direction as and nearly abreast with the street car, one of them 2 or 3 feet and the other 10 or 12 feet north of the car track. Both the motorman and conductor in charge of the car not only saw Schmidt's automobile on the track in front of them for a whole block before striking it, but no effort was made either to stop or slow the car up until after the collision, when the motorman stopped within a distance of 10 feet. The condition of the automobile itself indicated that it had been struck from without on the right side, not that it had run into the car head-on. While the testimony was sharply in conflict in many features, taken as a whole, we think it was sufficient to justify the findings made. In these circumstances it cannot be justly said, we think, that the jury's finding that the motorman had discovered the peril of appellee and did not stop, or attempt to stop, the street car was without support in the evidence. The admission of both motorman and conductor that they had first seen the automobile a block away; their total failure to even slow down before the actual impact; the lack of room for Schmidt to pass to the right of the car; the two other automobiles running abreast with it and preventing his free passage to the left without at least the apprehension of a collision with them; and, finally, the demonstrated ability of the operatives, from the fact that they did subsequently do so, to stop the street car within a distance of 10 feet—all these facts considered together were, not only sufficient to raise the question of whether the motorman, within time to have prevented the injury by reasonable use

of the means at hand, realized that Schmidt was in a position of peril, but also that he did so realize and thereafter failed to use due care. Under authorities applicable to this state of case appellant neither had the right to exclusive use of the street nor could its operatives ignore appellee's presence there. Galveston Electric Co. v. Antonini, 152 S. W. 841. In that case this court states the rule:

"If the manner in which the boy was driving was such as to reasonably indicate that he intended to cross in front of the car, it was the motorman's duty to at once use proper care to prevent the collision. He had no right to take any chance on the boy's getting across before the car reached him, nor could he speculate on whether he would stop or turn aside before he reached the track; there being nothing in the boy's action to indicate any such intention. In such circumstances we think ordinary prudence required that the motorman should ·act on the reasonable appearance of danger or peril to the appellee, and not wait until the danger was manifest and the injury unavoidable. Railway Co. v. Wear, 33 Tex. Civ. App. 492, 77 S. W. 272; Gehring v. Galveston Electric Co., 194 [134] S. W. 291; Railway Co. v. Jacobson, 28 Tex. Civ. App. 150, 66 S. W. 1111."

Applying that rule to the facts here, it passes comprehension that this motorman could have failed to realize that Schmidt was in a position of actual peril, and that, in all reasonable probability, a collision would occur if he did not stop or slacken the car. To say the least, it was clearly a question for the jury. Railway Co. v. Rosenbloom, 107 Tex. 291, 173 S. W. 216, 177 S. W. 952; Railway Co. v. Scarborough, 104 S. W. 408; Railway Co. v. Milburn, 142 S. W. 626; Railway Co. v. Munn, 46 Tex. Civ. App. 276, 102 S. W. 442.

Through several further assignments it is claimed there was an irreconcilable conflict between the jury's findings upon special issues 1 to 6, inclusive, and those upon issues 7, 8, and 9. After carefully examining the record in this respect, however, we conclude that no such conflict appears. One to 6 required a finding as to speed; 7 to 9 as to manner of operation. Nor was the question as to speed and manner of operation of the car submitted under the first two of these special issues in the disjunctive form, mistakenly used by appellant in its assignments, but in such conjunctive manner as, in our opinion, did not preclude the later separation of the two alleged elements of negligence, and the requirement of a distinct finding as to the manner of operation alone. The assignments raising the question are accordingly overruled.

[5] The last assignment complains of the verdict as being excessive. But under the evidence we cannot say that it is. At the time of his injury the appellee was 33 years old, earning about $65 to $70 per month at the shops, besides about $1 per day working at night as a shoemaker. After the accident, he was helpless and unable to labor at all.

While there was a decided conflict in the expressed opinions of the physicians who testified respectively for the opposing litigants, as so often happens, there was evidence sufficient to justify a further finding that Schmidt was seriously and permanently injured as a result of the accident; that any heart trouble he may have had previously had been aggravated thereby; that he had suffered much pain and would continue to; and that his future ability to perform manual labor had been destroyed. Under this showing, it cannot be properly said that an award of $3,000 would so shock the conscience of an appellate court as to justify it in setting aside a jury's finding.

The conclusions stated require the overruling of all assignments and an affirmance of the judgment, which order has been entered.

Affirmed.