## TEXAS ELECTRIC RY. v. COUTS.*
### (No. 6504.)

(Court of Civil· Appeals of Texas. Austin. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Street railroads ☞117(7)—Evidence of negligence as to pedestrian held for jury.**

In an action for injuries to a pedestrian struck by the overhang of a street car rounding a corner and crushed between an automobile and the street car, evidence *held* sufficient to warrant the submission of the issue of negligence of defendant's employees in failing to see that plaintiff would be jammed between the automobile and the street car and in operating the car around the corner without lessening the speed.

**2. Appeal and error ☞1002—Verdict conclusive.**

A verdict on conflicting evidence will not be disturbed.

**3. Street railroads ☞114(13)—Evidence held to show pedestrian was not guilty of contributory negligence.**

In an action for injuries to a pedestrian struck by the overhang of a street car and crushed between the car and an automobile, evidence *held* to warrant a finding that he was not guilty of contributory negligence.

**4. Street railroads ☞118(15)—Charge on discovered peril held within issue.**

In an action for injuries to a pedestrian struck by the overhang ·of a street car and crushed between the car and an automobile, an allegation that the motorman and conductor discovered plaintiff's peril and could have avoided the accident by the use of ordinary care *held* a sufficient general allegation of discovered peril to entitle plaintiff to a charge thereon.

**5. Street railroads ☞117(35)—Negligence by reason of discovered peril held for jury.**

In an action for injuries to a pedestrian struck by the overhang of a street car rounding a corner and crushed between the car and an automobile, evidence *held* sufficient to authorize the submission of defendant's negligence in failure to avoid injury after discovery of plaintiff's peril.

**6. Street railroads ☞93(3)—Lookout required.**

It is the duty of street car operatives to keep a proper lookout for all persons approaching and attempting to cross the car tracks, especially at the intersection of public streets, and to use ordinary care to avoid injuring persons using the street.

**7. Street railroads ☞114(7)—Evidence held to show failure to keep lookout.**

In an action for injuries to a pedestrian struck by the overhang of a street car rounding a corner and crushed between the car and an automobile, evidence *held* sufficient to warrant a finding that the street car operatives

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused May 9, 1923.

were negligent in failing to keep proper lookout.

### 8. Street railroads ⚏118(11)—Instructions on contributory negligence held sufficient.

In an action for injuries to a pedestrian struck by the overhang of a street car rounding a corner and crushed between the car and an automobile, an instruction, authorizing verdict for defendant if plaintiff knew or by the exercise of care could have known of the overhang and voluntarily place himself in peril, *held* to properly present the issue of contributory negligence.

### 9. Street railroads ⚏117(21)—Contributory negligence of pedestrian held for jury.

Contributory negligence of a pedestrian struck by the overhang of a street car rounding a corner *held* for the jury.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Suit by C. F. Couts against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Beall, Williams & Worsham, of Dallas, and Sanford & Harris, of Waco, for appellant.

Alva Bryan and Sleeper, Boynton & Kendall, all of Waco, for appellee.

BLAIR, J. This suit was instituted by C. F. Couts against the Texas Electric Railway, for damages which he alleges to have sustained by reason of being struck by the overhang of appellant's street car as it rounded a corner on Fifth street into Austin street, at Waco, Tex., and by being thrown by appellant's street car against an automobile then being driven on said Fifth street, in an opposite direction from that which the street car was going, thereby rolling and crushing him between the street car and the automobile, and throwing him against the automobile, causing serious and permanent injury to his leg. Plaintiff further alleging that the streets, at the time of the accident, were crowded by pedestrians, automobiles, and street cars; that he was a stranger at the time; was not acquainted with the mechanism of street cars as to their overhang; nor was he acquainted with the direction in which the tracks of appellant were laid out at the point in question, but believed the same to go straight across Fifth street, instead of turning up Austin street at the place of the accident; and further that he had stepped off of the property line, and had proceeded a short distance into the street, preparatory to crossing to the opposite corner, in the walk usually traveled by pedestrians, when an automobile suddenly swerved into said Fifth street, and that he went forward toward the front end of the street car, intending to cross in front of the same, but that the operatives of said car immediately put same into operation, and that he was afraid to go in front of the same because of the fear of being struck by an automobile; that he approached the street car near the front, and that the motorman saw him standing near by the car, and saw the automobile suddenly turn into Fifth street, and knowing the crowded condition of the streets at the time carelessly and negligently put into operation his car, or, if he had started same, carelessly and negligently failed to stop or lessen the speed of the car, and by reason thereof appellee was struck by the overhang, and the injuries complained of resulted as a proximate cause of the carelessness and negligence of the operatives of said car; and that they could have, by the exercise of ordinary care, avoided same, and were negligent in failing to exercise ordinary care, seeing the automobile turn into the street, and seeing appellant standing near their car, in starting it at a high and dangerous rate of speed at the time. Appellee further alleged that the operatives of appellant's street car on said occasion did see him standing in this perilous position, and did see the automobile, driven by a lady, turn suddenly into the street, and did know the crowded conditions of the streets at the time, or by the exercise of ordinary care should have known their condition, and that after discovering said peril they were negligent in failing to exercise ordinary care, by the use of the means at hand, to stop said car, in order that appellee might extricate himself from his perilous position, but that they carelessly and negligently started said car at a high and dangerous rate of speed; or, if said car was in operation, failed to exercise ordinary care, by the means at hand, to stop the same and avoid the injury to appellee by reason of being caught between the street car and the automobile. All of which injuries he alleges to have sustained by reason of the negligence above, which he alleges to be the proximate cause; and further alleges that he has been damaged in the sum of $50,000.

Appellant answered by general demurrer and special exceptions and general denial; and further, for special answer, appellant alleged that the injuries to appellee were the direct and proximate result of appellee's own negligence, in that he, knowing the location of the street car track, and that street cars passed over the same at regular intervals, without exercising any care for his own safety, went upon and near the track in such close proximity thereto as that, in the ordinary operation of said car at that point, the overhang of the car would necessarily strike him; and knew the street car, in rounding said corner in its ordinary operation, would overhang from four to six feet, but notwithstanding this knowledge, appellee carelessly,

negligently, and recklessly placed himself in such a position that in the ordinary operation of the car under such circumstances it would necessarily strike him.

The cause was submitted to a jury under a general charge. The jury returned a verdict in favor of appellee, in the sum of $20,-000. Appellant filed its amended motion for a new trial, which was overruled by the court, an exception was taken thereto, and notice of appeal given; and appellant here now presents its case for our determination upon the record.

We find that on or about the 23d day of May, 1917, appellee, C. F. Couts, was in the act of crossing the street, in a westerly direction, at the corner of Fifth and Austin streets, in Waco, Tex., on the walk usually used by pedestrians crossing said street, and at a place where one of appellant's interurban street cars was stopped taking on passengers; that immediately after appellee stepped off the curb at the property line, and had proceeded a short distance in the street toward the front end of appellant's said street car, an automobile, driven by a lady, suddenly turned into said Fifth street, on the same side of the car on which appellant was standing, and going in an opposite direction thereto; that appellee stepped forward toward the street car, at which time the motorman saw both appellee and the automobile which had turned into said Fifth street. Notwithstanding the fact that there was not much space between the car and the sidewalk, and notwithstanding the crowded condition of the street at that time, appellant's operatives of said street car immediately started said car, by what some of the witnesses termed "kinder fast," and by so doing said motorman did not exercise that degree of care required of him in regard to the safety of persons near the track on which he was operating the car, in that he started the same so fast that appellee could not avoid the injury, or in failing to stop the same or lessen the speed after seeing both appellee and the automobile in such close proximity to the car as injury was likely to happen; and that he did not exercise that degree of care that an ordinarily prudent person engaged in a like or similar occupation would have exercised under all of the circumstances of this case, which said motorman was acquainted with, or should have been acquainted with by the exercise of ordinary care, in that the record shows that he had operated the car for more than a year every day along this same street, which was narrow at this point, and was always crowded at about 6 o'clock p. m., the time at which this accident occurred. And we further find that the operatives of said street car, having seen appellee standing near the track on which the car was being operated, and having seen the automobile suddenly turn into said Fifth street, going in an opposite direction from the street car, knowing the position in which appellee was standing, and that the street was narrow at that point, failed to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances, and stop said street car or lessen the speed thereof in time for appellee to have extricated himself from his perilous position; and that they failed, by the use of means at hand, to exercise that degree of care required of them and stop said street car or lessen its speed, in order to avoid an injury to appellee at this time.

We find that the evidence shows that the motorman saw appellee in a perilous position; that he immediately recognized that he was in a perilous position, and failed to exercise that degree of care, by the use of means at hand, to have avoided said accident, or, by reason of having stopped the car, have probably lessened the injury to appellee; but said car proceeded on around the corner and into Austin street before it stopped.

[1-3] By its first, second, and third propositions, based upon its assignments of error Nos. 1, 2, 3, and 4, appellant contends that the trial court erred in giving paragraph 7 of its main charge to the jury alleging that there is insufficient evidence to authorize its submission to the jury. The charge is as follows:

"Now, bearing the foregoing definitions in mind, you are instructed that if you find from the evidence in this case that the employees of the defendant Texas Electric Railway, in charge of said car in question, at the time in question, saw plaintiff or by the exercise of ordinary care could have seen him, and that they saw Mrs. Renfro turn her car into North Fifth street, or by the exercise of ordinary care could have seen same, and that said employees knew, or by the exercise of ordinary care should have known, that plaintiff would be jammed between said automobile and said street car and injured, and if you further believe from the evidence that said employees propelled said street car around said corner, and that it was negligence for such employees to propel said car around said corner under such circumstances; or that they failed to lessen the speed of the said car, or failed to stop same, and that said failure, if any, to lessen the speed of said car, or to stop same, was, under all the circumstances, 'negligence' on the part of said employees, as that term is herein defined, and that said negligence, if any, was the proximate cause of the injury to plaintiff, then you will find for the plaintiff, unless you find the plaintiff guilty of contributory negligence, as hereinafter explained."

We do not sustain the three above propositions, as we find that sufficient legal evidence was introduced to require the trial judge to submit this issue to the jury, and their verdict, based upon conflicting testimony, will

not be disturbed. The evidence shows that on the date in question, as well as at all other times, at this time of day the street in question was crowded with pedestrians, street cars, and automobiles, which the operatives of said car knew, or in the exercise of ordinary care should have known. It further shows that appellee was a stranger, except for a few business trips to Waco, and that he had never ridden on appellant's street cars, and was not familiar with their mechanical construction relative to overhang at the rear; and that he did not know that the car made a turn at the point in question, but believed that it went straight across Fifth street; and that he had placed himself in a position in which, if the car had gone straight, he would not have been injured.

The motorman testified that he saw appellee standing near the car, and that he saw the automobile turn up Fifth street suddenly. Appellee testified that the space between the curb at the property line and the car was narrow. The motorman had operated the car along this point for more than a year, and knowing these facts, or by the exercise of ordinary care should have known them, he was negligent in starting the car as he did, or in failing to stop the same, if he had started it, after seeing the automobile turn suddenly into the street, and after seeing appellee standing near by. The jury's verdict thereon is not contrary to the evidence. It is true that much evidence was introduced tending to support the theory of contributory negligence on the part of appellee; but the jury, under a very liberal charge for appellant, saw fit to reject this testimony, which becomes of no concern to us, since our province in the matter is merely to determine the legal sufficiency of the evidence supporting the contrary findings of the jury. Jones v. Tex. Electric Ry. (Tex. Civ. App.) 210 S. W. 749; Tex. Midland R. R. v. Butler (Tex. Civ. App.) 207 S. W. 344; Southern Traction Co. v. Owens (Tex. Civ. App.) 198 S. W. 150; Dallas R. Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318; Houston Electric Co. v. Schmidt (Tex. Civ. App.) 203 S. W. 617.

Appellant by its propositions Nos. 4 to 7, based upon its assignment of error No. 5, contends that the trial court erred in submitting to the jury the question of discovered peril, for the following reasons:

(1) Because it is alleged that the discovered peril was not properly raised by the pleadings.

(2) Because negligence in failing to discover one in a perilous position is not equivalent to discovered peril.

(3) That the actual perilous position must be discovered in time that those discovering it could, in the exercise of ordinary care, with the means at hand, avoid the injury.

(4) That the burden was upon appellee to establish such fact of discovered peril, by sufficient testimony to require the same to be submitted to the jury—which it is alleged appellee failed to do in this case.

[4] We do not sustain the above propositions, for we find as to the first that plaintiff's petition contains the following allegation:

"And said motorman and said conductor in charge of said street car did each discover plaintiff's perilous position, and knew the perilous position in which he was placed at the time of the accident, and could have avoided said accident and the injuries inflicted on plaintiff by the use of ordinary care; and by their failure to use ordinary care after they had so discovered plaintiff's condition at the time and place, etc."

The above is a sufficient general allegation of discovered peril to entitle appellee to introduce his testimony, and to the charge given by the court thereon.

The second contention is not borne out by the record, since the motorman testified that he saw both the appellee and the automobile; and the conductor also testified that he saw appellee in a perilous or dangerous position, and recognizing appellee's danger, as testified to by the conductor, he immediately gave the danger signal to the motorman, who stopped the car, according to both the motorman and conductor, within five or six feet; but, according to a number of the other witnesses, the street car did not stop, but proceeded on around the curve and up Austin street. This authorized the jury to find that the conductor was mistaken about giving the signal, or that the motorman, having received the signal, failed to exercise ordinary care and stop the car, as was his duty to do upon receiving the signal; or that the conductor was not testifying to the truth about giving the signal—all of which were matters for the jury, and properly submitted to them by the court.

The third contention has already been answered by us in another portion of this opinion, that the operatives of the car did actually discover the perilous position of appellee, and failed to exercise that degree of care required of them, and use the means at hand to avoid the injury.

[5] To the fourth proposition we find that the evidence was sufficient to present to the jury the question of discovered peril, and although there may have been strong evidence to the contrary, this would not authorize the appellate court to reverse the case, as the jury had a right to reject any evidence introduced in the case, and accept only such evidence as they might believe.

Appellant's proposition No. 8, that a judgment, based upon a general verdict of a jury, where two or more acts of negligence are submitted, one being erroneously submitted, the case should be reversed, is without merit in this case, since we have held that both the

propositions of negligence and negligence by reason of discovered peril are supported by sufficient evidence to require them to be submitted to the jury.

[6] By its ninth proposition, appellant contends that the evidence fails to establish any duty imposed upon it that had not been performed by its operatives of the street car in question at the time of the accident. We adopt appellee's counter proposition to this assignment of error as our own, as we think it clearly states the law. It is as follows:

"It is the duty of the motorman operating a street car and the operatives of a street car, to keep a proper lookout for all persons approaching and attempting to cross the car tracks, especially at the intersection of public streets, and to use ordinary care to avoid injuring persons using the street."

[7] The evidence being sufficient to establish the failure of the motorman and the street car operatives to perform this duty in this case, the assignment is overruled. El Paso El. Ry. Co. v. Allen (Tex. Civ. App.) 208 S. W. 739; Houston Electric Co. v. Schmidt (Tex. Civ. App.) 203 S. W. 617; El Paso El. R. Co. v. Benjamin (Tex. Civ. App.) 202 S. W. 996; Ry. Co. v. Smith, 87 Tex. 348, 28 S. W. 520; Ry. Co. v. Phillips (Tex. Civ. App.) 37 S. W. 620; Ry. Co. v. Gibson (Tex. Civ. App.) 83 S. W. 863.

[8] By its tenth, eleventh, and twelfth propositions, based upon its seventh, eighth, and ninth assignments of error, the appellant contends that the trial court erred in its action in this case relative to the contributory negligence of appellee, as pleaded by its special answer. The propositions raise the question of contributory negligence in various ways, but we will discuss the same here under one general head. In this connection, however, we find that the court gave the following special charge, requested by appellant:

"Gentlemen of the jury, you are charged that an adult person, in the enjoyment of all his faculties, who is able to see and hear, and who has knowledge of the fact that a street car is being operated or is about to be operated around a curve, and who knows that a street car in the ordinary operation around a curve will overhang the track, and who voluntarily places himself in a position where, as the car rounds the curve in the usual and ordinary manner, the overhang will strike him and injure him, that he is guilty of negligence; and you are therefore charged that if you find and believe from the evidence that the plaintiff, as he approached the street car track at Fifth and Austin streets, on the occasion in question, knew, or by the exercise of ordinary care could have known, that the street car would round the curve in question from Fifth street into Austin street, and in rounding the curve the rear of the street car would overhang the track; and you further find and believe from the evidence that the plaintiff in passing up North Fifth street, in an attempt to pass around the rear of moving street car, voluntarily placed himself in a position where the overhang of the street car as it rounded the curve would strike him, and injure him; and you further believe from the evidence that plaintiff's conduct in so placing himself was the direct and proximate cause of his injury, if any—then your verdict will be for the defendant, unless you find for the plaintiff under the issue of discovered peril as submitted to you by the court."

This we think clearly presents all of the defenses raised by appellant relative to the contributory negligence of the appellee, and the court's charge fairly presenting the law, we will not make a restatement of the proposition of law involved under this assignment.

[9] One of the assignments which we group here contends that the trial judge should have peremptorily instructed the jury for appellant, because the evidence conclusively shows that the appellee was guilty of contributory negligence. This we do not find, as the record shows a conflict as to whether or not appellee was guilty of contributory negligence, and as stated above, it is of no concern to us, since there was a legal sufficiency of testimony upon which to submit to the jury the above issue, and which of the witnesses the jury believes is of no concern of this, an appellate court. Therefore we find no error as complained of in the last three propositions. El Paso El. Ry. Co. v. Allen (Tex. Civ. App.) 208 S. W. 739; El Paso El. Ry. Co. v. Terrazas (Tex. Civ. App.) 208 S. W. 387; Houston Electric Co. v. Schmidt (Tex. Civ. App.) 203 S. W. 617; El Paso El. R. Co. v. Benjamin (Tex. Civ. App.) 202 S. W. 996; Ry. Co. v. Smith, 87 Tex. 348, 28 S. W. 520; Ry. Co. v. Phillips (Tex. Civ. App.) 37 S. W. 620; Ry. Co. v. Gibson (Tex. Civ. App.) 83 S. W. 863.

We are of the opinion that there was no error in this case sufficient to warrant a reversal thereof, and it is affirmed.

Affirmed.