## NATIONAL UNION FIRE INS. CO. v. MALONEY. (No. 6957.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1923. Rehearing Denied June 20, 1923.)

1. **Appeal and error** ⇐605—Record indorsement, indicating defendant in error as either appellant or plaintiff in error and describing him as both, improper.

Every record should be properly indorsed; an erroneous indorsement, such as one indicating that defendant in error is either appellant or plaintiff in error, and describing him as both, being misleading and confusing.

2. **Appeal and error** ⇐1002—Verdict on conflicting evidence not disturbed.

The jury's finding on an issue of fact, as to which the evidence was conflicting, will not be disturbed.

### On Motion for Rehearing.

3. **Insurance** ⇐83(2)—Agent, not instructed to cancel policy until after termination of agency, not liable to insurer for loss paid as result of failure to cancel.

A former insurance agent, instructed by insurer, after his agency was terminated, to cancel a fire policy on a building subsequently burned, is not liable to insurer for the amount paid insured as the result of failure to cancel the policy.

Error from Erath County Court; Wm. Arch. Jones, Judge.

Action by G. B. Maloney against the National Union Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke and Paul M. O'Day, all of Dallas, and Chandler & Pannill, of Stephenville, for plaintiff in error.

Hickman & Morrow, of Dublin, for defendant in error.

FLY, C. J. [1] The record in this case comes to this court with an indorsement on the back indicating that G. B. Maloney is either appellant or plaintiff in error, which is left in doubt, as he is described as both in the indorsement. Every record should be properly indorsed, as an erroneous indorsement is misleading and confusing to appellate courts.

[2] This suit was instituted by the defendant in error to recover from plaintiff in error the sum of $374.34, an amount paid to parties as return premiums on cancelled policies; said cancellation taking place under instructions from plaintiff in error. The latter admits the justice and correctness of defendant in error's claim, but pleaded in reconvention damage in the sum of $1,000, which defendant in error caused it by not canceling a certain policy held by R. M. Evans on a certain frame building, which burned, and the amount of the policy was paid the insured by plaintiff in error.

The testimony offered by Maloney and that offered by plaintiff in error on the issue as to whether the R. M. Evans policy, No. 27252, had been ordered canceled, was in sharp conflict, and the jury found in favor of Maloney. Maloney swore that Jones, agent of the insurance company, canceled all but two of the policies held by his company in Dublin, Tex.; one of them being a policy held by Gallagher and the other by Evans. Jones denied this, but the jury believed Maloney, as they had the right to do. This was the pertinent, vital issue in the case.

There is no merit in the appeal, and the judgment is affirmed.

### On Motion for Rehearing.

[3] It was alleged that the agent of plaintiff in error, Jones, on January 11, 1917, verbally instructed defendant in error to cancel the Evans policy, No. 25272. Jones swore that he so instructed Maloney, the latter denied this, and the jury found that Jones did not give such instruction. They answered that the words "canceled flat," on Maloney's record book of the policy, had a line drawn through

them by Jones, which signified that the policy should be continued in effect; but, in addition, the jury found that plaintiff in error, after January 11, 1917, instructed defendant in error to cancel and take up policy No. 25272 issued to R. M. Evans. In addition to this, the jury found that it was not the intention of Jones that Maloney should act as agent of the company after January 11, 1917. The facts show that Jones visited Dublin to terminate the agency there, and he did terminate it, and from that date Maloney was not the agent of the company, and did not act as such. The insurance company after that date had no authority to call on Maloney to perform any service for it, as his agency had been terminated.

The motion for rehearing is overruled.