### SECURITY UNION CASUALTY CO. v. HUNT et al.　(No. 2825.)

Court of Civil Appeals of Texas. Amarillo.
April 27, 1927.

Rehearing Denied May 18, 1927.

1. **Master and servant** ⚖⇒417(7)—Whether injured employee was employed by owners of lease or firm contracting to drill well held for jury.

In proceeding to recover compensation for injuries, evidence presented question for jury whether employee, injured in drilling oil well, was employed by owners of oil lease or firm contracting to drill well.

2. **Appeal and error** ⚖⇒1002—Jury's finding on conflicting evidence is conclusive.

Where jury has determined an issue, and evidence fully sustains their finding thereon, even though there may be some conflict in the interpretation to be given certain acts and facts, reviewing court cannot hold as a matter of law that there is no evidence to support their verdict.

3. **Master and servant** ⚖⇒361—Furnishing of own driller by owners of oil lease held not to abrogate drilling contract on issue as to whose employee injured employee was.

On issue whether employee injured in drilling oil well was employed by owners of oil lease or firm contracting to drill well, contract to drill well, made with owners of oil lease in consideration of assignment of one-half interest in lease, *held* not abrogated by owners of lease employing their own driller to do work, which was done at request and as agent of firm contracting to drill.

4. **Master and servant** ⚖⇒404 — All circumstances showing who employed compensation claimant held admissible.

In proceeding by employee to obtain compensation for injuries in drilling oil well, all circumstances showing whose employee he was,

such as which firm was carrying insurance, paid premiums, and reported injury and paid compensation to other employees, *held* admissible in determining question of employment.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Raymond Hunt instituted proceedings to recover compensation for injuries. The Industrial Accident Board awarded compensation to claimant and rendered judgment against the Texas Employers' Insurance Association. In suit by the Employers' Association on appeal from the award, judgment was rendered against the Security Union Casualty Company, and it appeals. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellees.

RANDOLPH, J. The following is a substantial statement of the evidence introduced in the trial of this case:

Adams, Brown, and McAlister owned a 160-acre oil and gas lease and also owned a drilling rig. Bridwell and Mayfield agreed with the Adams firm to drill a well on this lease, in return for which they were to have assigned to them, by Adams, Brown, and McAlister, a one-half interest in said lease. While the assignment of the one-half interest in the lease was delivered to Mayfield, it was so delivered with the understanding that, if Bridwell and Mayfield did not pay the expenses of the drilling of the well, they could not claim any right under the assignment. As Adams, Brown, and McAlister owned the drilling rig, and as Adams was well acquainted with the location on which they were to drill the well, and he also had a wide experience in the oil business, Mayfield requested that he get his driller, for him to get up his crew and go over there to drill the well, and for him (Adams) to look after the drilling of the well just as though he was drilling it for himself. Adams was out there constantly, and testified he was familiar with the sand, that he knew every sand in that country. Adams made no charge for this service. Bridwell and Mayfield paid the men for their labor. Ed Williams, Adams' driller, was put in charge of the work, and remained in charge of it until the completion of same. If there was any hiring or firing done, Ed Williams did it, and he was in full control of the men on the work. The derrick had to be constructed, but the evidence is conflicting as to which party furnished it. Bridwell and Mayfield made application to the Railroad Commission for permission to drill the well, and when it came in dry they made application to plug it. They had an agreement with Adams, Brown, and McAlister that they would carry the compensation insurance, and they did carry it on the crew that was drilling the well. The premium paid for such compensation is based on the pay roll, and it was paid, as stated, by Bridwell and Mayfield, upon the pay roll which was drilling on this well. Adams testified that his firm did not carry these men on their pay roll, and did not pay any premium to the Texas Employers' Insurance Association, for the reason that Mayfield told him they were carrying all of the expenses and would pay the pay roll and carry their own compensation with the Security Union Casualty Company. Adams further testified, and it is not contradicted, that:

"As to consulting with Mayfield as to the method of drilling this well, Joe was out there some time, and I kept him constantly advised about how deep I was, and what we were on, and showed him some stuff I got in the well, and especially a lime that we cored, and then told him how deep we were. Then we were a little better than 2,000 feet. I asked him how deep he wanted to go, and he said, 'Was there a chance to get any oil sand below that depth?' and I said, 'Yes; there is a well a little northeast of here that caught a sand at 2,040 feet.' We discussed and decided we had caught the lime structure low, and he said just to shut down, and I did. I would have gone to 2,200 feet if he had told me. He was doing the paying."

Adams' instructions to the men at the well was that, if there was an injury, to report it to Bridwell and Mayfield and to have the doctor report it.

The plaintiff in this cause, Raymond Hunt, was working as one of the crew, under Ed Williams, the driller.

The method of meeting the pay roll was as follows: The driller prepared the pay roll and carried it to the office of Adams, Brown, and McAlister, who O. K.'d it, and he would then take it to Bridwell and Mayfield, and they would issue the checks, and the driller then took them and gave the checks to the men entitled to them. Neither Bridwell nor Mayfield ever attempted to hire or fire anybody; neither did Adams, Brown, and McAlister ever attempt to exercise such prerogative. It was all left up to Ed Williams, the driller.

Raymond Hunt, the plaintiff, was placed between the devil and the deep blue sea in naming his employer. To obviate the difficulty of making a choice when he was injured, he gave notice to Adams, Brown, and McAlister and to Bridwell and Mayfield of such injury. Bridwell and Mayfield acted on the notice, and in turn notified the Security Union Casualty Company, with whom they were carrying the policy covering these workmen. Certain payments were made to the plaintiff by the Security Company, but were discontinued when it received notice from Bridwell and Mayfield disclaiming liability for premiums on the workers on this well, and notifying it that they were not carrying insurance on such workers.

The Industrial Accident Board recognized

(294 S.W.)

the plaintiff's claim, and awarded him judgment against the Texas Employers' Insurance Association, and that company then brought its suit by appeal from such award, to set it aside.

On trial in the district court, judgment was rendered by agreement of the parties in the sum of $20 per week, for 60 consecutive weeks, and that the Texas Employers' Insurance Association, and the defendant the Security Union Casualty Company, either or both, might, within 20 days, pay into court the sum of $1,000 in full settlement of said liability, without prejudice to the right of either to later determine as between themselves their respective liability for such payment, and, in the event the insurance company making the payment, or a part thereof, is finally adjudged to be not liable, the other defendant should repay such sum or sums so paid by said company; and the court thereupon rendered judgment against the Security Union Casualty Company, in accordance with said agreement, and this appeal is from that judgment.

[1, 2] The question for our determination is, Whose employee was the plaintiff at the time the injury was inflicted on him? Upon the determination of this question rests the solution of the question of the proper party to pay off and discharge the judgment of the trial court. If plaintiff was the employee of Bridwell and Mayfield, then the Security Union Casualty Company was liable, and the judgment as rendered was just and proper. The trial court submitted the case to the jury upon one special issue, and, in answer to such issue, the jury found that the plaintiff was an employee of Bridwell and Mayfield, at the time he was injured. The jury having thus determined this issue, and the evidence fully sustaining such finding, even though there may be some conflict in the interpretation to be given certain acts and facts, we cannot hold as a matter of law that there was no evidence to support their verdict. It will clearly appear from the above summary of the evidence that, whether or not the plaintiff was an employee of Bridwell and Mayfield, or an employee of Adams, Brown, and McAlister, was a controverted question necessary to be determined by the jury under the circumstances in evidence. Hence the verdict of the jury cannot be disturbed by us.

[3] The contract to drill the well, made by Bridwell and Mayfield, with Adams, Brown, and McAlister, was not abrogated by Adams, Brown, and McAlister employing their driller to do the work. This was done at the request of Mayfield, and Adams when he sent the driller, with his rig and men on the land to drill the well, did so at the request of Mayfield, and in so doing he was acting as the agent of Bridwell and Mayfield. Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768, 771; Continental Gin Co. v. Gardner (Tex. Civ. App.) 248 S. W. 92, 93; Saner-Ragley Lumber Co. v. Spivey (Tex. Civ. App.) 255 S. W. 193 and 204; Payne v. Texas Mercantile Co. (Tex. Civ. App.) 248 S. W. 79, 80; National Union Fire Insurance Co. v. Maloney (Tex Civ. App.) 252 S. W. 1082; Texas Electric Ry. Co. v. Couts (Tex. Civ. App.) 250 S. W. 266, 268; San Antonio & A. P. Ry. Co. v. Mason (Tex. Civ. App.) 289 S. W. 1027, 1028; Texas Employers' Ins. Ass'n v. Shilling (Tex. Com. App.) 289 S. W. 996; Moore v. Ford Motor Co. (Tex. Civ. App.) 289 S. W. 696.

[4] The facts and circumstances attending the employment of Hunt, that throw any light on the question as to whose employee he was, were admissible in evidence, and the trial court did not err in permitting proof as to which one of the firms was to carry the insurance, as to which firm paid the insurance premium, that other men injured at the same time and similarly employed as plaintiff received compensation, that the injury was reported to the Security Union Casualty Company, and other evidence of other facts complained of by them, were all admissible to aid the jury in determining the question of employment.

We therefore overrule all assignments of error and propositions, and affirm the judgment of the trial court.